the next case and I suggest to the attorneys that a lot of people may be leaving, take your time in the transition. People v. Tyshawn Keller a.k.a. Demetrius Keller. Counsel, please approach the podium. Please tell us who you represent and how much time you need. My name is Linda Olthoff. I represent Tyshawn Keller and 15 minutes will be fine reserved, two or three minutes for rebuttal. Good morning, your honors. My name is Mary Hodson-Buehler. I'm an assistant state's attorney representing the people. And I request 15 minutes as well. What's your name? Mary Hodson-Buehler. I am not on the brief, but I'm prepared to argue. We've read your briefs. We've looked at the law. And I suggest that you stick to what you think are your strongest points. And if we have any questions about what we think are strong points, we won't hesitate to ask you. Proceed. Thank you. Good morning. I would like to focus most of my comments today on the first issue raised in the brief. The trial court in this case revoked Tyshawn Keller's probation and imposed a sentence of three years. However, the court did not have jurisdiction to revoke that probation because the probation revocation proceedings were initiated by the probation officer, one who is not authorized to practice law. The legislature has chosen to keep the authority to initiate probation revocation proceedings within the realm of the state's attorney. Excuse me, counsel. I'm sorry. Whose probation is it? It's the court's probation, right? The person is on the court's probation. Is that correct? Yes. And the probation department is under the auspices of who? The judiciary. We'll see. Okay. And we've quoted the state's attorney's act. That's what you seem to be quoting. Right. It doesn't say these exclusively belong to the state's attorney. For instance, some police officers can write tickets and those are accepted by the court. It's provided for elsewhere, but it doesn't say in the state's attorney's act that it can be provided elsewhere. The attorney general, indeed, can only bring certain cases in criminal court, like a cigarette abuse tax. Right. So these aren't saying the state's attorney alone can bring all these cases, any case involving the county or the state. Well, the state's attorney has the authority to initiate any and all actions on behalf of the people of the state of Illinois. You're not addressing the point of whether or not the statute doesn't say it's exclusive to the state's attorney, does it? No, not in that statute. Isn't the statute you're relying on? Where a lay person, such as a police officer, is authorized to bring some sort of proceeding, there is generally an express authorization. Then you're agreeing it's not exclusive. So there are some exceptions, you're saying? If there's an express authorization, yes. But there's no express authorization anywhere for the probation officer. Does it say that there must be express authorization in this? In the state's attorney's act? I don't believe so. Where would the state's attorney get the information that somebody failed to report to his probation officer? That information generally comes from the probation department. Like all of us, right? Every single case. How would he know? He would have no idea if somebody reports because you don't follow them around. The state attorney doesn't take these guys home. So he would have to find out from the probation officer that the probationer failed to show up. Right, right. Who prosecuted your case, this case that we're involving? It was litigated by the state's attorney. I'm going back too far, I guess. But when the state's attorney prosecuted, didn't the state's attorney, in fact, adopt this as its own? If you want to go along with your theory, the state's attorney alone can bring a probation violation? Otherwise, the state's attorney, when they're faced with this, would say, I'm not going to prosecute this. There's no one else to prosecute it. Or the state's attorney says, I'll prosecute it. Isn't the state's attorney adopting this as their own? Well, in fact, I think that leads to a problem with allowing the probation officer, who has not been given authority, to initiate the proceedings. And because what does happen if the state's attorney says, we don't have sufficient evidence to prosecute this or we don't think this is a proper case to go forward, the probation – They can refuse to litigate it. They can say, you know what, I'm trapping them. Right? I'm not bringing it forward. But it was a probation officer that filed this petition. Does the state's attorney have authority to dismiss a petition that's been filed by somebody else? The state's attorney didn't commence this proceeding. The probation officer did. Well, let's go back. So why can't they do this? What great laws do you have on your side? What cases do you have that say that a probation officer has no legal authority to file a violation of probation or revocation of probation? The downstate guys seem to think there's a significant difference. Right. Who do you got? In Peoples v. Heron and in Peoples v. Kellum, the 3rd and 4th District, have both found that this is an authority that rests solely within the office and the power of the state's attorney. Okay. In Kellum's, that was a violation of supervision. So it had nothing to do with probation department at all. That guy was not on probation. Nobody ever put him on probation. And yet somehow, probation department apparently filed a violation of supervision over somebody who had no control over whatever, near as you can tell from the three-page document written by Justice Steigman, his case. But that's a violation of supervision. And Steigman, I suggest to you, Justice Steigman, correctly says, there's no statutory authority for probation departments to file violations of supervision. And that's, quote, unquote, what he says. It's a court supervision, and his holding is that there's no – so it lists the duties of a probation officer does not contain a provision empowering a probation officer to file a petition to revoke supervision. And it discusses 564, which is who files these things. 564 involves who does file violations of supervision. It's the agency that supervises them. The supervising agency is used. Steigman doesn't mention that. However, Holdrege does mention that, in his case, Heron. And Heron, for the first time, says, well, you like the holding? Tell him so much, we're going to apply it to probation. And it is Justice Holdrege's position that probation has no authority because it's an institutional party, that therefore, since institutional parties are not allowed to file pro se, giving no citation of any kind, either to the rules, statutes, or a case law of Illinois, therefore, we compromise the unauthorized practice of law, again, without a single cite to a case, a statute, or a Supreme Court rule. I'd suggest that it's kind of faulty from the beginning, in that the Department of Probation, or actually it's the Probation Division, is a probation division of the Administrative Office of the Illinois Courts. It is a division of the judiciary. They are not an institution, a standalone. They work directly for us. So when our employee comes in and says, Judge, pursuant to the duties assigned to me by the court and by statute, I'm notifying you, Your Honor, that this man has not reported to me or had the narcotics in his urine or committed a crime. I don't see how we can say that he can't do that. Well, first, because he's a layperson. He's not authorized to practice law. He works for us. We've directed him. Talk to these guys. Interview them. Run their ramp sheets. Make sure their urine is clear. Right. They can report. They can give notice whether or not the defendant is compliant with the probation, but they cannot commence an action in which a defendant's probation is revoked, he receives a new sentence, the state has a burden to present evidence. All of which was done in your guy's case. Right.  So there's no prejudice to your client. It's a void proceeding, but you would concede then there's no prejudice to your client other than he's not harmed in any way because the state's attorney went ahead. However, the rules were violent, and as such, this is a void proceeding, right? Right. It's a void proceeding. So even though your client failed to appear, and there's no question he failed to appear, although there was a dispute. Well, no, there is a dispute, yes. There was a dispute. He said he went there and just, right, the normal. Right. So we should follow then the two judges inherent theory that probation division is an institution unto itself, and for them to do anything in court in terms of filing things would constitute the unlicensed practice of law, and for that we should cite just them since nobody else has ever said that, including them. They never explained it. We should just rely on them. Well, in addition to them being a layperson, they are an arm of the judiciary, and we do have an adversarial system and not an inquisitorial system. It's not the – the judiciary is an arbiter between the people and the defendants. It is not the one that generally brings proceedings against their defendants. They don't always bring proceedings. I worked in the state's attorney's office for 16 years. The state's attorney's office, yes. No, probation. I don't recall ever, ever having done it for 16 years. I never filed a violation of probation. In Cook County, it is done, unlike downstate apparently, it is done by the probation department. They type it up at the time. We should use a blue paper. They glue back it. They come in, say, hey, here's the VOPs, and they would go file them, and the state's attorney would normally walk away because it has nothing to do with the state's attorney's office. It's almost a compact is how probation is looked at, I'd suggest to your counsel, between the judge and the probationer. He's supposed to fly right, and so the judge is the one. This man is walking around town wearing the judge's sweatshirt saying, Judge Quinn gave me probation, and Judge Quinn should be the one concerned whether or not he's doing what I told him to do. That's not the state's attorney. The state's attorney is often in court. That's their job, to be in court. But in terms of actually filing it, I've never seen a state's attorney file a VOP. Not that it matters. It's not in the record. The question is, how is it void? How does the act of a probation department employee, who's obviously familiar with the facts, tendering of a document to the court, void this person's alleged wrongdoing, where the probation has to be terminated satisfactorily, apparently, even though he failed the complete probation? Because he's filing a petition which initiates proceedings against the defendant, and the nature of the proceedings are such that the court then can issue a warrant against the defendant, is required to conduct a hearing, supposedly. So if he's required to conduct a hearing, here you have a probation officer who is a witness, the only one with the evidence who's gathered the evidence, making a determination whether he has enough evidence to go forward, taking away the discretion from the office of the state's attorney. Counsel, if you look at the section that deals with the violation of probation, 5-6-4, is there anything in that section that actually spells out who has the authority to file a VOP? No. It's silent. It is silent. Yes. Counsel, like the Justice Schmidt downstate, I have a hard time with subsection J, or I, I'm sorry, don't hit my desk, subsection I, where it said instead of filing a violation of probation, and it's talking about the probation officer, isn't it? Mm-hmm, in subsection. Instead of, what does that mean then? Instead of violating, instead of filing a violation, doesn't that imply that this probation officer had the authority to file a violation of a probation? Just because it's not, you know, the statute may be silent as to who can file it. We then give that authority to the state's attorney's office. It is implied. Courts have said, you know, when it is so obvious, we know that it's the state's attorney who can commence the proceeding. So similarly, I think you can interpret that, and I think the majority in Heron did interpret that to say, well, we know it's the state's attorney that is responsible for filing that, and that's why subsection I, it is silent as to who is filing it. See, I don't need to say it's silent. Well, no, it's absolutely not silent. A recent case by the 4th District, Steigman's District, but not in Baltimore, which, of course, doesn't cite Steigman's theories on this, a case called, this came down in December, Hammond, held that the under I, it is entirely up to the probation department if they wish to file modifications, to change the modifications of it under I. And the state's attorney had no input in that. In Hammond, I'm sorry, yes, in Hammond, the defendant had done something the state's attorney didn't like. The state's attorney filed a VOP. The judge then turned to the probation officer and said, you change this guy's probation, add on these other things. And the probation department did that. And the state's attorney got mad about it because they wanted to run the show. They said they have no authority to do that. And the appellate court said under 564I, they certainly did have the authority, and the state's attorney had no input in it. And Hammond is at, what is it? Right, yes, I have seen that. So it's a, she was in a newspaper, and that's what we know about. And so that's at 2009 Westlaw, 511-2874. But going back, so you say 564 is silent about things. I don't think it's silent at all. 564F reads, the conditions of probation of conditional discharge of supervision or of a sentence of county incarceration, none of which apply here, may be modified by the court on motion of the supervising agency or on its own motion or at the request of the offender after notice and hearing. 564 involves petitions then, or conditions, how you can modify conditions. It can only be done on the motion of the supervising agency, which you concede that the supervising agency for probationers is a probation division of the AOIC. Right. Okay. So it can be done on the motion of probation division, on the court's motion, or at the request of the offender. Leaving out the state's attorneys. I don't see how 564F can be read to not allow what it plainly says, which is that the supervising agency may ask to change the conditions of probation. And going to what Justice Murphy read, so instead of filing a violation of probation, which I think refers back to 564F, even though it's not entitled to that, an agent or employee of the supervising agency, because, again, this applies to social service, it applies to county jails, with the concurrence of his or her supervisor, may serve on the defendant a notice of intermediate sanctions. Again, clearly, leaving out the state's attorneys at all. They don't need to give a notice, as Hammond says, even when the state's attorneys are aware of it, and they're unhappy with the intermediate sanctions. They'd rather file a VOP and proceed to put the guy in prison. Probation has the authority to do that against the state's attorney's wishes. Probation, yes, it's an express grant in the statute that they can refrain from seeking a probation violation and file a notice of sanctions. That is very different than going forward to and filing a motion seeking a revocation. If they didn't have the authority, though, at all, which is the argument of, actually it's Holdridge's argument, two people argue that, Holdridge and whoever went with him on it, that they can't file a VOP, I'd suggest to you that the language wouldn't read, if instead of filing a VOP, probation could do something else. So clearly, that has to mean, just in common English, when you say instead of filing a violation of probation, an agent or employee of the supervising agency may, that does say they can file a VOP. How could it not? Well, you could read the statute as they did in here, or to say that that only implies that the state's attorney, instead of the state's attorney, filing a violation of probation. The state's attorneys. Right. If it was so clear, why would you add? Right. But it's not in there. What is in there says it's probation's job. The supervising agency may do it. This probation may file a notice of sanctions. It does not say that they may file a petition to revoke the probation. And what was the title of this VOP? Petition to Violation of Probation and Issue a Warrant Seeking Revocation. Correct. Putting the defendant on notice. The purpose of that, of course, is to put the defendant on notice. Well, it does more than put the defendant on notice. It allows the court to issue a warrant. It requires that the court conduct a hearing. It puts the state to a burden of the preponderance of the evidence. It initiates proceedings. Proceedings, once this petition is filed under the statute, proceedings go forward in which a defendant is subject to incarceration, subject to an additional adjudication that goes on his record. All right. Well, and as Justice Cuomo was pointing out, in Lindsay, a 2002 Illinois Supreme Court case, there are absolutely procedural safeguards by statute for a probationer. In reading, under Illinois law, a probationer is entitled to notice of the petition charging the violation, a court hearing, which is what you argued, the right to be heard in person, the right to confront and cross-examine witnesses, and the right to counsel in all circumstances. And yet there is no specific right as to who but he also you want us to read in there as well, and the probationer has a right to not allow the probation department to file a violation or a petition to revoke his probation. Correct? It is your position that they don't have it? He has a right. If it's not a right, why would you be able to say it? So it violates his rights. The probationer's rights are somehow violated when probation files a motion to revoke his probation. Right? Right. Okay. Yeah. I guess I'd also like to point out and look at the Illinois Supreme Court case in People v. Dinger, and I know that you pointed out subsection F, which also gives the offender authority to file a petition. It does. But in Dinger, the Illinois Supreme Court distinguished between revocation proceedings and modification proceedings and said even though an offender can file a petition, a proper party must do so. And so when a probationer is on probation and commits a crime and is doing prison time, which is what happened in Dinger, it's not up to the probationer to say, you know, when I do my time here, I don't want to get out and see if there's a V.O.P. warrant out for me and get dragged to some other county and then be told, aha, three years IDOC on my V.O.P. and off you go back to prison to do your one and a half years of real time. I want to be violated now. And so that defendant filed a V.O.P. or a motion to revoke her own probation to force the court in the other county to give her essentially what was going to amount to, concurrent time or dismiss the case, whatever they're going to do. And you're absolutely right. The Supreme Court said they're not a proper party to that. If the defendant can ask for it, only a proper party can. A proper party would exclude probationers. It didn't exclude probation. It didn't include state's attorneys. Right? Right. It just excluded her. Right. Right. And I think that there are two things to be drawn from that case. First, that you can't infer merely from subsection F that the probation office has the authority to issue a revocation. Well, they can't revoke a provision. Why? What modified? They can't. A modification is different than revocation. So the powers do not necessarily transfer to revocation proceedings. But I also think Dinger is helpful in examining why an offender, considering why the offender could not pursue the revocation proceedings and said we don't want things that could lead to great inconvenience or absurd, I think, consequences is the word they use to read the statute that way. Here, if you have the probation officer, a layperson, the witness to the proceeding, the only one with the evidence, initiating legal proceedings against the defendant and the state's attorney doesn't want to do that, what happens to this petition? We don't have that, right? We don't have it at all. The state attorney didn't want to fail the proceedings. They proceeded and your client got tagged. In this case, they did proceed. But there are cases, and there are cases where they may not want to proceed, and you don't have the evidence. It's in Hammond. And the court ruled probation wins. But it does go back to absurdity. And I suggest to you that here we are in 2010. As I mentioned, I've been doing this for 29 years. And Judge Murphy, significantly longer, I might add. In this case, it has never occurred to anybody, anybody, that probation could not file a VOP until Stigman said they couldn't file a violation of supervision. And then somehow it occurred to Bill Holdridge, you know what, they shouldn't be allowed to file a violation of probation either. And he convinced some other guy down there to agree with him on it. Really odd theory. What I suggest is absurd. It's positively absurd. And then Justice Schmidt points out the absurdity of it, saying 564F says exactly what it says. A supervising agency can do it. Although he was wrong in that he thought Kellams was a violation of probation when it was not. It was a violation of supervision. So actually, Kellams is probably correctly, theoretically correct. But what would be absurd, I'd suggest, counsel, and I know you wouldn't agree with me, is that when two judges, Holdridge and whoever you've got to go along with them, cite no cases of any kind, no statutes, no rules of court, or anything else, for the proposition that the probation division of the AIOC should not be allowed to file a petition either for a VOP, which is what he said, can't file anything, because it would be unauthorized practice of law, or for us to try and redact that just to say it's a petition to revoke a probation. Who should? The state's attorney who doesn't know what's going on. Okay. Well, I would argue that the state's attorney would and should know what's going on once they receive the information from the probation department. That doesn't preclude the probation officer from contacting the state's attorney and saying, we need you to litigate this. Right. So the proper procedure would have been for the probation department to type this up, division to type it up, and turn to the state's attorney and say, would you give this to the judge up there? And that would solve all of our problems, right? And that's not a useless act. That's an important act. And the failure to do that act, though, should result in a probationer walking free, no matter what he did, right? Yeah. Yes. We do. There should be you have a state's attorney standing as the gatekeeper between a probation officer  I didn't know they needed one. And the consequences which. The gatekeeper between who? The state's attorney standing. You have an unsworn petition. Excuse me, guys. Let me finish. Sorry. You have the gatekeeper. You're saying the state's attorney should be the gatekeeper between the probation officer and the judge, the court that the probation officer works for? There needs to be a gatekeeper in between that? No. I'm suggesting that he should be the gatekeeper between the allegations filed in an unsworn petition by the probation officer and the potential. Who is responsible to the judge. Right. But between that and the potential consequences to the defendant who is going to lose his liberty and going to receive an additional adjudication. Let's make sure. Let's have an attorney who is an officer of the court and has legal knowledge to make sure that we are filing non-frivolous, non-malicious prosecution. Let's make sure we have cases where the evidence is sufficient to prove that. That is the role of the state's attorney, to exercise their discretion. Okay. Counsel, rather than belabor this issue, do you want to say anything else? Do you want to address the actual violation of probation? As far as the actual violation of probation goes, I think we outlined in our brief that the evidence as presented at the hearing was weak and we did suggest that the state didn't meet its burden. And I think that supports our first issue that, you know, we want to make sure, we want to have the state's attorney to have the opportunity to judge and evaluate the evidence before it is required to go forward in court and litigate this proceeding. Okay. Just one quick question. Okay. Subsection J again, in the middle it said, if these sanctions are rejected, that's the sanctions that apparently we think the probation officer can bring, a violation of probation shall immediately be filed. And you're saying that should then go to the state's attorney's office. Right. Okay. Right. And the state's attorney can bring that case. Any other questions? No. Thank you, Counsel. Okay. Thank you. Briefly, Counsel, you can address anything you'd like, but I'd suggest you address the questions the Justices had. Yes, I will. Again, Your Honors, good morning. My name is Mary Hudson Buehler. There are two parts of the, two statutory authorities that do support the right of a probation officer to file a petition for violation of probation. We've already discussed it, Section F and Section J of 5564. And, Justice Murphy, as you noted in your last comments to Counsel, under subsection I, with regard to states, instead of filing a violation of probation, then you go into the second part. If the defendant rejects the intermediate sanctions or if the defendant does not appear or respond to the notice, it's the probation department that can file the violation of probation. It specifically says the probation department, instead of filing a violation of probation, an agent or employee of the supervising agency. I'm not going to belabor that point. We've already thoroughly discussed it. Our position is that that refers to the probation officer. As well as subsection F, probation officer has the right to modify the terms of the probation. If you look at both those sections in tandem, as well as the fact that 5564, it's notice, it's giving notice to the defendant, the probationer, notice to the court, notice to the state's attorney, that the probationer did not follow conditions of probation. It's merely notice. It's a filing. The state's attorney is the one who determines whether to prosecute. The state's attorney still has the burden to present the evidence, to bring the witness. The probation department doesn't present witnesses. The probation department doesn't argue before the court. And after the state presents its position and meets the burden of proof, it's the court that then makes the determination whether the defendant has violated probation. But you can also look at the Probation and Probation Officers Act. Although it is not explicitly stated that a probation officer has the right to file a violation of probation, if you look under Subsection 9, it specifically says that the probation officer is to perform such other duties as are provided for in this Act, and such incidental duties as may imply from those explicitly required. This is an all-encompassing provision. If you look back to Subsection I, it refers to Subsection I, as well as Subsection F. Also very important to note in the Probation Officers Act, 730 ILCS 11011, a probation officer has the authority to arrest a probationer if he sees the probationer violating a condition of probation when he's out and about. For example, if a probationer is not allowed to drink alcohol and the probation officer sees the probationer drinking alcohol in a bar, he can immediately arrest him and bring him before court. It belies logic that the statute, the Act, would allow a probation officer to arrest a probationer when he sees them violating probation, yet not allow him to file this piece of paper informing the court, informing the state's attorney, informing the defendant that he has violated a condition of his probation. Page 4 of the brief, which again you do not read, write rather, I'm sorry. However, defendant's argument neglects to recognize that a petition for VOP and a petition for replication of probation are not interchangeable. And where a probation officer is authorized to file a petition for VOP, he is not authorized to file a petition to revoke probation. That's wrong, is it not? Yes, it is, Your Honor. And at this point, the position is that the violation of probation and a violation for petition to revoke are one and the same thing. And that it is a violation of probation, the conditions of probation that the probation officer is notifying, the court, the defendant, and the state's attorney. Counsel also argues that the probation officer is usurping the authority of the state's attorney for filing the petition. But the reason for filing the piece of paper, as I've already said, is to notify the court, to notify that there will be a hearing. Additionally, this piece of paper has no independent legal consequences. Yes, it's a notice, but the probation officer can't do anything with it other than letting everyone know that the defendant has violated it. It's the state's attorney who adopts the petition, and it's the state's attorney who presents the evidence. No questions. Thank you, counsel. Your Honor, we will stand on a brief with regard to whether it was proper to revoke the probation. Thank you. Thank you. Counsel? It just ---- Counsel, I will say we've been harsh on you. I don't know how you reacted. So far. I'm harsh on Bill Holdridge, perhaps. That's why you're here. It wasn't your idea or anybody else's. He wrote this thing, so I certainly hope I wasn't harsh on you. The position comes from Justice Holdridge, and you have to advocate it. Well, yes. And I do advocate it because I think, in contrast to what the state's attorney is arguing, that it is more than just a piece of paper. They are commencing a legal action against the defendant, which results in deprivation of his liberty, adjudication on his record. And it does have legal ramifications, and it is unclear that once that piece of paper is filed, the judge is required to go forward. So if this piece of paper is filed, it doesn't just go into, you know, if the state's attorney doesn't agree with its allegations, it's there. And it can result in inconvenience to the court, a waste of judicial resources, if it's an improper pleading. In this case, he failed to miss his meeting once, if you buy what the state said. He went to prison for it. I can't imagine how that's outrageous, I think, for what it's worth. You miss once and you go to prison for three years? I mean, that's terrible. And I think there's really factual dispute as to whether he really did miss. I mean, the evidence was pretty vague, and this is a case maybe, I mean, and cases generally where a state's attorney may decide not to go forward. He didn't want to dismiss a meeting. But you're saying that it would make a difference as to who would, if the state's attorney would not bring the case? Is that what you're saying? If they see that the evidence is not going to meet the burden, they may choose not to pursue a case, just as they do in a normal criminal proceeding. If they don't have enough evidence, they don't go forward. Here, they are stripped of that authority and they're stripped of that discretion, because once that's filed, the court shall conduct the hearing. So I guess I would just maintain that this is more than a piece of paper. The state's attorney should not be relinquishing its authority given to it to commence all prosecutions and to exercise its discretion as an officer of the court. If there are no further questions, I would ask that you reverse his probation provocation. Thank you. Thank you. No questions? We'll take the case under advisement.